**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

_____

DANIEL L. SPAETHE,

                 Plaintiff,

      vs.

REX MILES, and
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

               Defendants.

CAUSE NO. CV 06-19-M-DWM

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE

_____

     This case is before the Court on the parties' cross motions
for summary judgment. Having reviewed the motions, briefs, and
evidentiary materials submitted in support thereof, the Court
hereby enters the following:

**RECOMMENDATION**

     1. The Plaintiff's Counter Motion for Summary Judgment
should be **DENIED**.

     2. The Defendant State Farm's Motion for Summary Judgment
should be **DENIED**.

     **NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a
copy of the Findings and Recommendation of the United States

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - Page 1

Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to these findings must be filed with the Clerk of Court and copies served on opposing counsel within ten (10) days after receipt hereof, or objection is waived.

    DATED this __10th__ day of August, 2006.


                        _/s/ Jeremiah C. Lynch_____
                        Jeremiah C. Lynch
                        United States Magistrate Judge


## I.  INTRODUCTION

    The Plaintiff has brought this lawsuit seeking to recover insurance policy benefits from Defendant State Farm Mutual Automobile Insurance Companies (State Farm).  His Amended Complaint alleges as follows:

    Plaintiff was involved in an automobile accident in Idaho on July 28, 2002.  The accident was caused, in part, by Defendant[1] Rex Miles' son, Robert Miles.  Robert was driving a vehicle owned by Rex which collided with another vehicle driven by Rebecca Dean.  Robert's vehicle then collided head-on with the vehicle Plaintiff was driving.

---

    [1]As set forth in the July 7, 2006 scheduling order Rex Miles has been dismissed from this action by stipulation of the parties.

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - Page 2

Rebecca Dean was insured by Progressive Insurance. Plaintiff has agreed to accept the $100,000 policy limits available from Progressive.

Robert Miles was insured through his father's policy on the vehicle he was driving.  Plaintiff has negotiated with State Farm in an attempt to obtain compensation for his injuries.  State Farm has acknowledged responsibility on behalf of its insured for Robert's liability, and has agreed through correspondence with Progressive that Progressive would accept responsibility for 60% of the claim, and State Farm would take responsibility for 40% of the claim.  State Farm, however, has refused to pay 40% as agreed, and it has not offered Plaintiff anything more than $40,000.

Plaintiff alleges two causes of action in his Amended Complaint.  First, in Count I he alleges he is a third party beneficiary of the agreement between State Farm and Progressive, and State Farm has breached the agreement.  In Count II Plaintiff alleges State Farm has acted in bad faith by failing to pay the 40% it agreed to, and by failing to negotiate in good faith to resolve the claim.

Plaintiff and State Farm have filed cross motions for summary judgment.  State Farm's motion argues Plaintiff's claims are barred by the applicable statute of limitations, and that Count II is barred because the legal claim is not recognized

under the applicable law of Idaho.  In response Plaintiff moves
to enforce the alleged contractual agreement in which State Farm
entered to compensate Plaintiff for his injuries.

## II.  APPLICABLE LAW - SUMMARY JUDGMENT STANDARDS

A party moving for summary judgment bears the burden of
demonstrating "that there is no genuine issue as to any material
fact and that the moving party is entitled to a judgment as a
matter of law."  Fed. R. Civ. P. 56(c).  A movant may satisfy
that burden where the documentary evidence produced by the
parties permits only one conclusion.  *Anderson v. Liberty Lobby,
Inc.*, 477 U.S. 242, 251 (1986).  On a motion for summary
judgment, this Court must determine whether a fair-minded jury
could return a verdict for the nonmoving party.  *Id*. at 252.

The party seeking summary judgment bears the initial burden
of informing the Court of the basis for its motion, and
identifying those portions of the pleadings, depositions, answers
to interrogatories, and admissions on file, together with the
affidavits, if any, which it believes demonstrate the absence of
any genuine issue of material fact.  *Celotex Corp. v. Catrett*,
477 U.S. 317, 323 (1986).

## III.  DISCUSSION

This lawsuit stems from the underlying automobile accident
in which Plaintiff was involved.  The facts of that accident and
underlying circumstances are not in dispute.

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - Page 4

Rex Miles obtained automobile insurance coverage from State Farm in Idaho for his 1996 Geo Tracker.  He purchased and garaged the vehicle in Idaho, and both Rex and his son, Robert Miles, reside in Idaho.

On July 28, 2002, Robert Miles was driving Rex's vehicle on a stretch of Highway 93 in Idaho.  Kristine Lords[2] approached Robert from behind and passed him on the highway.  At that time Plaintiff was driving his vehicle on Highway 93 approaching from the opposite direction.  To avoid hitting Plaintiff head on during her pass Lords quickly cut back into the driving lane in front of Robert causing his vehicle to leave the highway.  When Robert attempted to regain control of his vehicle it re-entered the highway and struck Plaintiff's vehicle.

Lords is a resident of Idaho.  Her vehicle was insured through Progressive Insurance.

Subsequent to the accident Plaintiff pursued negotiations with both Progressive and State Farm to obtain insurance policy proceeds based on their respective insureds' liability for the accident.  As noted, Progressive ultimately paid Plaintiff the liability limits of its policy insuring Lords.  Plaintiff and

---

[2]The Court notes the parties' respective versions of the facts differ as to the name of the person driving the vehicle which passed Robert Miles.  State Farm's Statement of Uncontroverted Facts (State Farm's SUF) at ¶ 11; Pl.'s Statement of Uncontroverted Facts (Pl.'s SUF) at ¶ 4.  For purposes of this recommendation the correct identity of the driver is not relevant.

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - Page 5

State Farm have obviously not resolved Plaintiff's claim of liability against Robert Miles.  Plaintiff is not, however, suing to establish the liability of either Rex or Robert Miles. Instead, he seeks recovery of insurance proceeds based on certain representations State Farm made to, or agreements it had with, either Progressive or Plaintiff.

### A.  State Farm's Summary Judgment Motion

#### 1.   Personal Injury Statute of Limitations

State Farm moves for summary judgment dismissing this case. It argues this entire action is barred by the applicable statute of limitations.  It contends that fundamentally Plaintiff's case is a tort claim stemming from the automobile accident and he cannot succeed on his claims alleged in this case unless he can establish Robert Miles' tort liability for the accident. Pursuant to Montana's choice of laws rules specific to tort claims, State Farm argues Idaho tort law applies which imposes a 2-year statute of limitations on personal injury claims. Therefore, Plaintiff's Amended Complaint is barred as a matter of law because the accident occurred on July 28, 2002, and Plaintiff filed his original Complaint on July 27, 2005, well beyond Idaho's 2-year statute of limitations.

The Court disagrees with the fundamental premise of State Farm's position.  State Farm asserts the substantive basis of this case is the underlying personal injury action giving rise to

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - Page 6

tort claims under Idaho law.  However, the Court finds that Plaintiff's pleading clearly alleges a breach of contract claim arising from a contract entered between State Farm and Progressive.  Plaintiff alleges State Farm entered a contract with Progressive whereby State Farm agreed to "be responsible for 40% of the claim[.]"[3]  Plaintiff argues he is a third party beneficiary of that agreement, and he has brought this lawsuit alleging State Farm has breached the agreement.

The Court concludes Plaintiff's legal theory is independent of any tort claim for the accident.  His third party beneficiary claim will entirely depend on the terms of State Farm's contract with Progressive which may or may not depend on the tort liability arising from the automobile accident.  As a factual matter State Farm has not established that the underlying liability for the accident is a condition or term of the alleged contract.  To the contrary, the documentary evidence suggests that any alleged agreement included an acceptance of liability by State Farm at 40% which, if proven, eliminates the necessity of establishing Rex or Robert Miles' liability for the accident.[4]

Finally, upon review of the Amended Complaint the Court finds no tort claim plead which arises from the accident.

---

[3]Amended Complaint at ¶ 8(iv).

[4]Pl.'s SUF, Ex. 11.

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - Page 7

Plaintiff has not alleged any legal cause of action directly against Rex or Robert Miles for any liability they may have either for the accident or for the breach of any agreement.

State Farm has failed to establish as a matter of law that the 2-year statute of limitations on personal injury claims imposed under Idaho law is applicable to Plaintiff's claims as plead.  The only applicable statute of limitations would be the one applicable to a breach of contract claim, and State Farm has not argued for the application of any such statute.

For the reasons discussed, the Court finds State Farm's motion fails on the basis it has failed to meet its summary judgment burden.  Where a movant has failed to meet the initial burden, summary judgment should be denied regardless of the nonmovant's response.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

> If a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial. [Citations omitted.] In such a case, the nonmoving party may defeat the motion for summary judgment without producing anything.

*Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102-03 (9th Cir. 2000).  Having failed to meet its summary judgment burden State Farm's motion should be denied on the statute of limitations issue.

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - Page 8

## 2.   Insurance Bad Faith Claim

State Farm further moves for summary judgment on Plaintiff's claim alleging it has engaged in bad faith negotiations to settle his claim.  State Farm simply argues Idaho law does not recognize a third party claim alleged directly against the insurer for failure to deal in good faith.  Therefore, State Farm concludes Count II of Plaintiff's Amended Complaint fails to state a claim for relief under Idaho law.

The Court finds State Farm's motion is defective because it assumes, without establishing as a matter of fact or law, that any possible bad faith claims arose in Idaho, and that Idaho law applies.  State Farm has not set forth any facts whatsoever to suggest where the alleged acts of bad faith may have occurred giving rise to any bad faith claim.  It does not establish where its negotiations with Plaintiff took place, either in Idaho or in Montana.  There is nothing in State Farm's SUF addressing where such bad faith conduct may have occurred for purposes of establishing that Idaho law applies.

Without more facts established by State Farm as to the occurrence(s) of bad faith conduct for summary judgment purposes, the Court finds it is equally as plausible that any alleged bad faith conduct could have occurred in Montana.  Plaintiff resides in Montana and the letters in the record from State Farm came

from its Missoula office in Montana.[5]  If the bad faith conduct
occurred in Montana then the traditional choice of law rule would
apply which "provides that the infliction of injury is actionable
under the law of the state in which it was received." *Phillips
v. General Motors Corp.*, 995 P.2d 1002, 1006 (Mont. 2000).  If it
turns out the alleged bad faith conduct occurred in Montana, then
Montana law, and not Idaho law, would apply.  Therefore, State
Farm has failed to establish as a matter of law that Idaho bad
faith law applies, and its motion should be denied.  *See Little*
and *Nissan Fire & Marine Ins. Co.*, supra.

###　　B.　Plaintiff's Cross Motion for Summary Judgment

###　　　　1.　Count I - Contract Claim

　　As a preliminary matter, the Court notes in relation to
Plaintiff's breach of contract claims that Plaintiff's
allegations in his pleading and his arguments in his briefs are
not consistent.  Although Plaintiff's Amended Complaint alleges
State Farm entered an agreement with Progressive and that he is a
third party beneficiary of that agreement, his briefing argues he
is entitled to recover based on an agreement State Farm entered

---

[5]State Farm's Response to Pl.'s Counter Mot. for Summary
Judgment, Ex. A.  *See also* Pl.'s Counter Motion for Summary
Judgment at 2-3, 5 (arguing State Farm engaged in various acts in
Montana) and Pl.'s SUF, Ex. 12 (State Farm's September 16, 2004
letter from its Missoula office setting forth what Plaintiff
contends is State Farm's bad faith effort to renege on its 40%
agreement).

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - Page 10

directly with Plaintiff.  He also argues such agreement was entered in Montana.  Plaintiff's Amended Complaint, however, does not allege the existence of any agreement between himself and State Farm, or that State Farm entered an agreement with Plaintiff on behalf of Rex Miles.  Plaintiff does allege, however, allegations that he had been negotiating with State Farm to reach a settlement, but such negotiations failed.[6]  Plaintiff also has not moved to amend his pleading pursuant to Fed. R. Civ. P. 15.

Despite the inconsistencies between Plaintiff's pleading and his briefs, for purposes of the pending summary judgment motions the Court will undertake to rule on the motions focusing more on attempting to identify the terms of the alleged agreement rather than deciphering who the parties to the agreement are at this stage of the proceedings.

Plaintiff argues the terms of the alleged agreement are clear and unambiguous and, therefore, summary judgment can be entered in his favor.  Assuming without deciding that some binding agreement exists in this case, the Court finds the documentary evidence submitted with Plaintiff's motions, contrary to Plaintiff's position, reflects uncertainty in the alleged agreement.

---

[6]Amended Complaint at ¶ 7.

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - Page 11

The Court finds there are genuine issues of material fact as to the precise terms of any alleged contract between State Farm and Progressive as alleged in the Amended Complaint.[7]  State Farm's May 30, 2003 letter suggests an agreed allocation of acceptance of liability between Progressive and State Farm whereby Progressive "has accepted 60 percent for the settlement of Mr. Spaethe's claim, and State Farm will contribute 40 percent toward that settlement."[8]  As originally proposed, State Farm understood Progressive would "handle the negotiations to the conclusion of settlement[... and] [u]pon closure of the same, we would be in agreement to 40 percent contribution."[9]  State Farm argues the original agreement would have required Progressive to negotiate and settle the full amount of damages to which Plaintiff is entitled, and then State Farm would have paid to Progressive its 40 percent share.

However, Progressive decided not to proceed as originally proposed.  On June 6, 2003, it determined it could not negotiate a single settlement on behalf of both responsible drivers, and

---

[7]The Court notes that as stated in the July 7, 2006 scheduling order, the parties have stipulated to the authenticity of, and foundation for, the documents submitted with their respective summary judgment motions.

[8]Pl.'s SUF, Ex. 3.

[9]*Id.*

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - Page 12

instead Progressive determined it would pay only "60% of the claim across the board."[10]   Therefore, assuming without deciding that a contract still existed at that point, State Farm and Progressive proceeded thereafter working towards two separate negotiated settlements whereby State Farm would "contribute 40 percent toward a settlement, and [Progressive] would contribute 60 percent toward a settlement."[11]   Plaintiff was to negotiate separately with Progressive for its "60 percent contribution", and with State Farm relative to its "40 percent contribution".[12] On June 15, 2004, State Farm reiterated that "Progressive accepted the majority of negligence in this matter at 60 percent, and State Farm at 40 percent."[13]   Then, on September 16, 2004, State Farm extended a $40,000 settlement offer "based on our limited liability to $40,000."[14]

Based on the foregoing, the Court concludes there is uncertainty as to the exact terms of any alleged agreement between State Farm and Progressive.  As of June 6, 2003, the two

---

[10] *Id.* at Ex. 4; *See also* Affidavit of Randall Spencer (May 22, 2006) at ¶ 4.

[11] *Id.* at Ex. 5.

[12] *Id.*

[13] *Id.* at Ex. 11.

[14] *Id.* at Ex. 12.

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - Page 13

insurers were no longer proceeding on the basis of a single negotiated settlement of the total amount of Plaintiff's claim to which each insurer would contribute.  Rather, as stated above there were to be separate settlements with each insurer on behalf of each of the two responsible drivers.  Accordingly, as State Farm points out, there was never a negotiated value of the total amount of Plaintiff's claim to which both Progressive and State Farm agreed.  Although Progressive considered that 60% of the total value of Plaintiff's claim exceeds $100,000,[15] there is no evidence that State Farm agreed to Progressive's assessment of the total value of Plaintiff's claim, i.e. there is no agreed upon figure from which the 40% would be calculated.

Based on the foregoing, the Court finds Plaintiff has failed to establish that the terms of any agreement between State Farm and Progressive, or the Plaintiff and State Farm, are clear and unambiguous as to the monetary value of Plaintiff's claim. Therefore, his summary judgment motion should be denied.

Additionally, the Court finds there are other hurdles to an award of summary judgment in Plaintiff's favor at this stage of the proceedings.  State Farm suggests the choice of law analysis applicable to a contract claim requires the application of Idaho law to Plaintiff's third party beneficiary claim.  Pursuant to

---

[15]Affidavit of Randall Spencer (May 22, 2006) at ¶ 6.

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - Page 14

Idaho law State Farm argues there is no binding or enforceable agreement between State Farm and Progressive of which Plaintiff can be a third party beneficiary.  State Farm argues the parties merely engaged in preliminary discussions, and there was no formal and final binding mutual assent to the specific terms of any agreement.

The Court also notes Plaintiff has not established whether the law of Montana, or the law of Idaho governs his contract claim.  Generally, the law of the place where the contract is to be performed governs the legal construction and effect of the agreement, whereas the law of the place where the contract was made governs questions of execution and validity of the agreement.  *Youngblood v. American States Insurance Co.*, 866 P.2d 203, 205 (Mont. 1993); Mont. Code Ann. § 28-3-102.  Having failed to argue for, or to establish the applicable law under the circumstances of this case Plaintiff has failed to meet his summary judgment burden.

### 2.   Count II - Implied Covenant of Good Faith and Fair Dealing

Plaintiff moves for summary judgment on his claim in Count II alleging State Farm is liable for its failure to negotiate in good faith to settle his claims.  For his motion he simply argues every agreement contains an implied covenant of good faith and fair dealing, and State Farm has violated the covenant by not

complying with the standard of good faith conduct set forth at Mont. Code Ann. § 28-1-211.[16]

It is not clear whether Plaintiff is asserting his good faith and fair dealing claim as a breach of contract or as a tort.  Therefore, the Court will consider both theories.

Clearly the courts recognize a theory of recovery for breach of the implied covenant of good faith and fair dealing as both a contract claim and a tort claim.  A claim for the breach of the implied covenant of good faith and fair dealing is a breach of contract, and a breach of "the duty of good faith and fair dealing" is a tort claim.[17]  *Story v. City of Bozeman*, 791 P.2d 767, 775-76 (Mont. 1990).  Both theories, however, require the existence of a contract between the parties.  *Id.* at 775, 776. At this point, Plaintiff has neither pled, nor established through his summary judgment motion, the existence of a contract between himself and State Farm.  Absent a contract Plaintiff

---

[16]Statutory insurance bad faith claims brought by a third party claimant such as Plaintiff are generally governed by the Unfair Trade Practices Act.  Mont. Code Ann. § 33-18-242(1).  However, the Act at Mont. Code Ann. § 33-18-242(3) does not prohibit a third party claimant from brining other claims.  *Brewington v. Employers Fire Ins. Co.*, 992 P.2d 237, 240 (Mont. 1999) (allowing third party claimant to bring common law bad faith claims).

[17]The breach of this duty is commonly known as the tort of bad faith.  *Thomas v. Northwestern Nat. Ins. Co.*, 292 Mont. 357, 366, 973 P.2d 804, 810 (1998).

cannot establish a violation of the implied covenant of good faith and fair dealing.

Furthermore, even assuming a contract exists between Plaintiff and State Farm he has made no effort to establish, as a matter of law, that State Farm has breached the covenant.  The standard of compliance under either a tort theory or a contract theory is "honesty in fact and the observance of reasonable commercial standards of fair dealing in the trade."  *Story*, at 775, 776.  The nature and extent of the obligation is measured by the "parties' justifiable expectations."  *Hardy v. Vision Service Plan*, 120 P.3d 402, 405 (Mont. 2005).  The standard is concerned with the fairness of conduct and it must be defined in context.  *American Federal Savings and Loan Association v. Madison Valley Properties, Inc.*, 958 P.2d 57, 63 (Mont. 1998).  Plaintiff has neither offered any evidence, nor argued any law to support a summary judgment ruling that State Farm has violated the standard imposed by the covenant.

Based on the foregoing, Plaintiff has failed to meet his summary judgment burden to establish his entitlement to judgment as a matter of law on Count II.  His motion should be denied.

## IV.  CONCLUSION

As discussed above, neither party has met their summary judgment burden to establish they are entitled to judgment as a

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - Page 17

matter of law.  For the reasons stated above the cross motions

for summary judgment should be denied pending consideration of

the merits of the claims and defenses in further proceedings in

this action.