FILED
MISSOULA, MT

2006 AUG 28 AM 11 37

PATRICK E. DUFFY

BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| DANIEL L. SPAETHE, ) | CV-06-19-M-DWM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| REX MILES, and STATE FARM ) | |
| MUTUAL AUTOMOBILE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## I. **Introduction**

On August 10, 2006, United States Magistrate Judge Jeremiah

C. Lynch signed his Findings and Recommendation (dkt #36) in this

matter addressing the Parties' motions for summary judgment.

Judge Lynch recommended denying the motions. Defendant State

Farm objected and therefore the Court conducted a de novo review

of the record. 28 U.S.C. § 636(b)(1) (2006). I agree with Judge

Lynch's analysis and find summary judgment is not appropriate.

The Parties are familiar with the procedural history and the

factual background so they will not be restated.

-1-

## II. Analysis

### A. State Farm's Motion for Summary Judgment

State Farm has wrongly portrayed Spaethe's case as a tort action and therefore it incorrectly argues the case is barred by a two-year statute of limitations. State Farm is in error: Spaethe's claims address an alleged breach of contract by State Farm for failure to fulfill a contract between it and Progressive Insurance. As Judge Lynch found, Spaethe's legal theories are independent of a tort claim. Thus, State Farm's summary judgment argument concerning the two-year statute of limitations from Idaho is not persuasive and does not warrant summary judgment.

The second aspect of State Farm's summary judgment argument, the bad faith component, also fails because State Farm is not entitled to a ruling as a matter of law that Idaho bad faith law applies. State Farm set forth an argument that Count II of Spaethe's Amended Complaint must be dismissed because Idaho law does not recognize third party bad faith claims. However, Judge Lynch correctly identified that State Farm failed to support its motion with facts that demonstrate that the contested bad faith took place in Idaho and not Montana. Spaethe lives in Montana and State Farm's Missoula office participated in the underlying dispute. Accordingly, this Court cannot grant summary judgment on an issue involving Idaho law when the facts are in dispute and there is a question of choice of law.[1]

---

[1] The Court notes State Farm's concerns in its objections regarding waiver as to a magistrate's findings. The Court

**B.   Spaethe's Motion for Summary Judgment**

    After review of Judge Lynch's Findings and Recommendation I
find he correctly recommended denying Spaethe's motion for
summary judgment.  The facts surrounding the alleged breach of
contract are in dispute.  The nature of the agreement between
Progressive and State Farm calls into question any assertion of a
mutually accepted figure that State Farm would have to pay.
Because Progressive never provided a single negotiated settlement
as the agreement with State Farm required, a negotiated total
value never existed.  Thus, the facts addressing the contract
claim are in dispute and summary judgment is not applicable.

    The Court also notes that Spaethe neglected to articulate
how the Court should proceed concerning the choice of Idaho and
Montana law.  This choice would make a difference here.
Consequently, Spaethe has not met his burden for summary
judgment.

    Likewise, Spaethe's assertion that he is entitled to summary
judgment on the bad faith issue is inaccurate.  Spaethe fails to
set forth the basic elements that are required for summary
judgment.  First, his good faith and fair dealing claim is
confusing and leaves the Court wondering if it is breach of
contract issue or a tort matter.  Next, Spaethe has neglected to
establish the existence of a contract between himself and State

---

declines to address State Farm's array of objections except those
addressing the motions before the Court as contained in the
Findings and Recommendation.  There, the Court is unpersuaded by
State Farm's contentions.

Farm.  And finally, Spaethe has not met his burden as a matter of law to proffer any evidence or points of law that support such a ruling.  Spaethe's motion fails.

### III.  Conclusion

Based on the foregoing, IT IS HEREBY ORDERED that Judge Lynch's Findings and Recommendation (dkt #36) are adopted in full: Defendants' motion for summary judgment (dkt #10) is DENIED and Plaintiff's motion for summary judgment (dkt #21) is DENIED.

The case is referred back to Judge Lynch for all remaining pretrial proceedings in accordance with this Court's July 26, 2006 Order.

DATED this 27 day of August, 2006.

Donald W. Molloy, Chief Judge
United States District Court